**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**RICHMOND DIVISION**

| | |
|---|---|
| ERROL MAHON, | ) Case No.: 3:20-cv-00774-HEH |
|        Plaintiff, | ) |
| | ) |
|    v. | ) Honorable Henry E. Hudson |
| | ) |
| CAPITAL ONE BANK, N.A., | ) |
| | ) |
|        Defendant. | ) |

## PLAINTIFF'S COMPLAINT

ERROL MAHON (Plaintiff), through his attorneys, alleges the following against CAPITAL ONE BANK, N.A. (Defendant):

## INTRODUCTION

1.     Plaintiff's Complaint is based on Telephone Consumer Protection Act, 28 U.S.C. § 227 *et seq.* (TCPA).

2.     The TCPA was designed to prevent calls and text messages like the ones described herein, and to protect the privacy of citizens like Plaintiffs. "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

3.     In enacting the TCPA, Congress intended to give consumers a choice as to how corporate similar entities may contact them, and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls are

- 1 -

not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer.  TCPA, Pub. L. No. 102–243, § 11. In support of this, Congress found that

> [b]anning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

*Id*. at § 12; see also *Martin v. Leading Edge Recovery Solutions*, LLC, 2012 WL 3292838, at* 4 (N.D.Ill. Aug. 10, 2012) (citing Congressional findings on TCPA's purpose).

4.      Congress also specifically found that "the evidence presented to the Congress indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call…." Id. at §§ 12-13. See also, Mims, 132 S. Ct. at 744.

## JURISDICTION AND VENUE

5.      Jurisdiction of this Court over Plaintiff's Complaint arises pursuant to 28 U.S.C. § 1331.

6.      Because Defendant conducts business in the State of Virginia, personal jurisdiction is established.

7.      Venue is proper pursuant to 28 U.S.C. 1391(b)(2).

## PARTIES

8.    Plaintiff is a natural person who resides in Waterford, Michigan.

9.    Plaintiff is informed, believes, and thereon alleges, that Defendant is a national company with a main business office in Virginia.

10.   Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

11.   In or around May 2019, Defendant began constantly and consistently placing telephone calls to plaintiff in an attempt to collect a debt an alleged debt.

12.   Defendant places telephone calls to Plaintiff on Plaintiff's cellular telephone at 203-360-9830.

13.   Based upon the timing and frequency of Plaintiff's calls and per its prior business practices, each collection call placed by Defendant to Plaintiff was placed using an automatic telephone dialing system.

14.   On or around May 14, 2019, Plaintiff received a call from Defendant from the phone number 800-365-225 and spoke to Defendant's representative. During the conversation with Defendant's representative, Plaintiff requested that Defendant stop calling his cellular telephone.

15.   Defendant and/or its agent(s) used an "automatic telephone dialing system", as defined by *47 U.S.C. § 227(a)(1)* to place these aforementioned collection calls to Plaintiff. The dead air that the Plaintiff experienced on the calls that he received (i.e., when Plaintiff answered there was several seconds where no other person was on the other end) is indicative of the use of an automatic telephone dialing system.

16.    This "dead air" is commonplace with autodialing and/or predictive dialing equipment. It indicates and evidences that the algorithm(s) being used by Defendant's and/or its agent's autodialing equipment to predict when the live human agents are available for the next call has not been perfected and/or has not been recently refreshed or updated. Thus resulting in the autodialer placing a call several seconds prior to the human agent's ability to end the current call he or she is on and be ready to accept the new connected call that the autodialer placed, without human intervention, to Plaintiff.

17.    The dead air is essentially the autodialer holding the call it placed to Plaintiff until the next available human agent is ready to accept it. Should the call at issue been manually dialed by a live human being, there would be no such dead air as the person dialing Plaintiff's cellular telephone would have been on the other end of the call the entire time and Plaintiff would have been immediately greeted by said person.

18.    Defendant's calls were placed to a telephone number assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to *47 U.S.C. § 227(b)(1)*.

19.    Plaintiff never provided Plaintiff's cellular telephone number to Defendant and never provided Plaintiff's consent to Defendant to be contacted on Plaintiff's cellular telephone.

20.    If Defendant at one time had consent to place calls to Plaintiff's cellular telephone number, it no longer has consent to call Plaintiff after being instructed by Plaintiff to cease all calls to her.

21.    Defendant's calls constituted calls that were not for emergency

purposes as defined by 47 U.S.C. § 227(b)(1)(A).

22.    Plaintiff is not a customer of Defendant's services, has never provided any personal information, including Plaintiff's cellular telephone number, to Defendant for any purpose whatsoever.

23.    Accordingly, Defendant never received Plaintiff's "prior express consent" to receive calls using an automatic telephone dialing system or an artificial or prerecorded voice on Plaintiff's cellular telephone pursuant to 47 U.S.C. § 227(b)(1)(A).

24.    Despite Plaintiff's request to cease, Defendant placed at least eighty-three (83) calls to Plaintiff's cellular phone.

25.    As a result of Defendant's alleged violations of law by placing these automated calls to Plaintiff's cellular telephone without prior express consent, Defendant caused Plaintiff harm and/or injury such that Article III standing is satisfied in at least the following, if not more, ways:

   a.    Invading Plaintiff's privacy;

   **b.**    Electronically intruding upon Plaintiff's seclusion;

   **c.**    Intrusion into Plaintiff's use and enjoyment of his cellular telephone;

   **d.**    Impermissibly occupying minutes, data, availability to answer another call, and various other intangible rights  that Plaintiff has to complete ownership and use of his cellular telephone;

   **e.**    Causing Plaintiff to expend needless time in

receiving, answering, and attempting to dispose of Defendant's unwanted calls.

## COUNT I

## DEFENDANT VIOLATED THE TELEPHONE CONSUMER PROTECTION ACT

26.   Defendant's actions alleged *supra* constitute numerous negligent violations of the TCPA, entitling Plaintiff to an award of $500.00 in statutory damages for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B).

27.   Defendant's actions alleged *supra* constitute numerous and multiple knowing and/or willful violates of the TCPA, entitling Plaintiff to an award of $1500.00 in statutory damages for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

28.   Statutory damages of $500.00 for each and every negligent violation of the TCPA pursuant to 47 U.S.C. § (b)(3)(B);

29.   Statutory damages of $1500.00 for each and every knowing and/or willful violation of the TCPA pursuant to 47 U.S.C. § (b)(3)(b) and 47 U.S.C. § (b)(3)(C);

30.    All court costs, witness fees and other fees incurred; and

31.    Any other relief that this Honorable Court deems appropriate.


Dated: October 2, 2020                    RESPECTFULLY SUBMITTED,


                          By:   /s/ Richard Ferris                    .
                                Richard W. Ferris
                                VSB# 31812
                                Ferriswinder, PLLC
                                9327 Midlothian Turnpike, Suite 1J
                                Richmond, VA 23235
                                rwferris@ferriswinder.com
                                (804) 767-1800
                                (888) 251-6228 Fax